## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PHYLLIS M. KNIGHT,

                Plaintiff,

v.

                                 Case No. 23-1193-DDC-GEB

UNITED STATES OFFICE OF
PERSONNEL MANAGEMENT and
COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                Defendants.

## MEMORANDUM AND ORDER

On September 12, 2023, pro se[1] plaintiff Phyllis M. Knight filed a Complaint alleging

that defendants United States Office of Personnel Management (OPM) and Commissioner of the

Social Security Administration violated various federal statutes. Doc. 1. Plaintiff alleges that

defendants engaged in an eight-year theft and embezzlement scheme that denied plaintiff her

early disability retirement benefits. *Id.* at 5–6. On the same day, plaintiff also filed a Motion to

Proceed Without Prepayment of Fees. Doc. 3. United States Magistrate Judge Gwynne E.

Birzer recommended that the court deny plaintiff's motion. Doc. 9 at 1. Magistrate Judge Birzer

also screened plaintiff's Complaint—under 28 U.S.C. § 1915—to determine whether to dismiss

---

[1] Plaintiff proceeds pro se, so the court construes her pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But the court does not assume the role of plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (citation and internal quotation marks omitted).

plaintiff's claims *sua sponte*.  And she recommended the court dismiss all but one of plaintiff's claims.  *Id.* at 10–11.

Plaintiff then filed a timely objection to Magistrate Judge Birzer's Order and Report and Recommendation.  Doc. 12.  The court reviews Magistrate Judge Birzer's conclusions de novo and overrules plaintiff's objection.  The court affirms and accepts Magistrate Judge Birzer's Order and Report and Recommendation in its entirety, and thus denies plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3) and dismisses all but one of plaintiff's claims.  The court explains these decisions, below, beginning with the standard of review.

## I.        Standard of Review

Fed. R. Civ. P. 72(b)(2) provides that a party may file specific, written objections to a magistrate judge's report and recommendation on dispositive matters.  Denying a motion to proceed without prepayment of fees is a dispositive matter.  *See Lister v. Dep't of Treasury*, 408 F.3d 1309, 1310–12 (10th Cir. 2005) (explaining that denying a "truly indigent claimant" leave to proceed without paying fees bars the claimant from proceeding at all in district court and thus presents "a dispositive matter").  And—to state the obvious—dismissing claims is likewise dispositive.

When a party files objections to a report and recommendation, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  "In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation."  *Kelly-Leppert v. Monsanto/Bayer Corp.*, No. 20-2121-KHV, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) (citing *Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir.

2

1995)).  The district court then "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  The court begins its de novo review by evaluating plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3).

## II.        In Forma Pauperis Legal Standard

According to 28 U.S.C. § 1915(a)(1), any court of the United States may authorize commencement of any suit without prepayment when a person submits an affidavit and shows an inability to pay.  Courts refer to this situation as a litigant proceeding in forma pauperis (IFP). *Smith v. Torrez*, 428 F. Supp. 3d 629, 632 (D.N.M. 2019).  This IFP status "was intended for the benefit of those too poor to pay or give security for costs."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948).  But proceeding IFP is "a privilege not a right—fundamental or otherwise."  *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998) (internal quotation marks and citation omitted).

The court should evaluate an IFP application "in light of the applicant's present financial status."  *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008).  A district court "examines the papers to determine if the requirements of 28 U.S.C. § 1915(a) are satisfied."  *Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (quotation cleaned up).  A person needn't show that she is "'absolutely destitute'" to proceed IFP.  *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (quoting *Adkins*, 335 U.S. at 339).  When one's "monthly income exceeds [her] monthly expenses by a few hundred dollars[,]" then she has "sufficient income to pay the filing fees[.]"  *Id.*

### III.      De Novo Review of IFP Motion

Plaintiff's financial affidavits don't establish that she's unable to pay the court's filing fee.[2]  *See* Doc. 3; Doc. 8.  Plaintiff's papers indicate that her monthly income exceeds her reported monthly expenses by more than $400.  Doc. 8 at 4–5.  And Magistrate Judge Birzer cited that excess to explain why the court should deny plaintiff's IFP motion.  Doc. 9 at 3.  What's more, the Tenth Circuit has determined that when an individual's monthly income exceeds her monthly expenses—even "by a few hundred dollars"—that income suffices to pay filing fees.  *Brewer*, 24 F. App'x at 979.  And so, the court agrees with Magistrate Judge Birzer's Report and Recommendation.

In her objection, plaintiff argues that the court should determine her IFP status based on the Federal Poverty Guidelines.  Doc. 12 at 4.  She contends—because her household's gross annual income is below 125% of those guidelines—that the court has committed plain error in denying her motion.  *Id.*  And she cites 8 C.F.R. § 106.3 in support.  *Id.*  To be sure, § 106.3 lists household income compared to the guidelines as one of its qualifying criteria for fee waiver.  8 C.F.R. § 106.3 (2024).  But § 106.3 provides fee waivers and exemptions for people requesting immigration benefits—not for people hoping to waive filing fees in federal court.  *Id.*  So, § 106.3—and its criteria—don't apply here.  Instead, the Tenth Circuit requires the court to compare monthly income to monthly expenses—just like Magistrate Judge Birzer did.  The court thus overrules plaintiff's objection to Magistrate Judge Birzer's IFP recommendation.  And the court denies plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 3).

---

[2]      Plaintiff filed an affidavit of financial status alongside her initial IFP motion.  *See* Doc. 3-1.  The court then ordered plaintiff to submit a revised financial affidavit, more fully responding to specified sections on the form.  *See* Doc. 7.  Plaintiff filed an amended financial affidavit on December 20, 2023.  Doc. 8.

IV.     **Dismissing Claims under 28 U.S.C § 1915 Legal Standard**

Magistrate Judge Birzer also screened the Complaint, as required under the IFP statute. *See* 28 U.S.C. § 1915(e)(2).  And, based on her screening, she recommended that the court dismiss all of plaintiff's claims, save one.  Doc. 9 at 4, 10–11.

The IFP statute provides, in part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted[.]"  28 U.S.C. § 1915(e)(2)(B)(ii).  To determine whether a pro se plaintiff states a plausible claim, the "standard of review for dismissals under § 1915(e)(2)(B)(ii)" is the same as "Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  This standard demands that the pleading "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  And the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Mayfield v. Presbyterian Hosp. Admin.*, 772 F. App'x 680, 685 (10th Cir. 2019) (ellipses in original) (quoting *Twombly*, 550 U.S. at 555).  The court "accept[s] the facts alleged in the complaint as true and view[s] them in the light most favorable to the plaintiff."  *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

Magistrate Judge Birzer recommended the court dismiss plaintiff's claims relying on numerous federal statutes:  the Freedom of Information Act (FOIA); the Congressional Review Act (CRA); the Federal Employees' Retirement Service Act of 1986 (FERS); the Tucker Act; the Social Security Act; and the False Claims Act (FCA).  Doc. 9 at 6–11.  Plaintiff objects with two arguments:  (1) the various acts are relevant to this case and (2) the various acts are legislative acts enacted by legislative bodies.  Doc. 12 at 7–10.  But Magistrate Judge Birzer didn't

recommend dismissal based on irrelevance.  Nor does the legislative source of these acts affect the dismissal analysis.

Instead, Magistrate Judge Birzer concluded that plaintiff had failed to allege facts sufficient to state a legal claim under four of these statutes:  the FOIA, the CRA, the Social Security Act, or the FCA.  *See* Doc. 9 at 6–10.  And she determined that three of the acts—the CRA, FERS, and the Tucker Act—don't permit judicial review of the type plaintiff seeks from our court.  *Id.* at 6–9.  Other obstacles unique to a particular statute also preclude plaintiff's claims, Magistrate Judge Birzer concluded.  *See, e.g.*, *id.* at 10.  For example, the FCA allows a private citizen to initiate an action in the name of (and for the benefit of) the federal government.  31 U.S.C. § 3730(b)(1).  But some courts have held that such a private citizen—termed a relator under the FCA's *qui tam* provisions—can't proceed pro se, as plaintiff does here.  *See, e.g.*, *Stoner v. Santa Clara Cnty. Off. of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) ("Our conclusion that a pro se relator cannot prosecute a *qui tam* action on behalf of the United States is consistent with the decisions of other circuits to have addressed the issue.").  All of this in view, Magistrate Judge Birzer recommended that the court dismiss all but one of plaintiff's claims.  Doc. 9 at 11.

**V.      De Novo Review of Claims Recommended for Dismissal**

The standard of review requires the court to determine the issues de novo.  Fed. R. Civ. P. 72(b)(3).  So, the court independently has reviewed plaintiff's Complaint (Doc. 1).  It recites briefly the Complaint's facts to facilitate its review, below, of the claims recommended for dismissal.

**A.      Factual Background**

Plaintiff alleges that the Social Security Administration (SSA) originally found her disabled in October 2015.  Doc. 1 at 6.  But, she contends, the SSA failed to maintain accurate medical records about her.  *Id.* at 4.  And the SSA passed on this "fraudulent medical

6

information" to the Office of Personnel Management (OPM). *Id.* As a result, plaintiff failed to qualify for early disability retirement benefits under FERS. *Id.* That is, the OPM denied plaintiff "her lifetime guaranteed annuity monthly retirement income set to begin on November 1, 2015[.]" *Id.* at 7; *see also* Doc. 1-1 at 1 (denying plaintiff her disability retirement on August 16, 2022 because plaintiff's request was untimely). The retirement income would have provided plaintiff with more than $1,000 per month. Doc. 1 at 7. So, plaintiff contends, defendants conducted a "nearly 8-year theft and embezzlement" of plaintiff's retirement benefits and money "for personal gain." *Id.* at 6. And plaintiff alleges to have lost not only the money but also her mental well-being and the ability to provide for her family. *Id.* at 7.

The court understands plaintiff's action to center on the allegedly "fraudulent medical document." *Id.* at 8. And so, it evaluates whether defendants' alleged failure to maintain accurate medical records violates each of the federal statutes listed in plaintiff's Complaint. The court begins with the Freedom of Information Act.

### B.    Freedom of Information Act (FOIA)

In 1966, Congress enacted the FOIA to "promote public access to federal agency records and information upon request." *Friends of Animals v. Bernhardt*, 15 F.4th 1254, 1260 (10th Cir. 2021) (citing *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 221 (1978)). The Act serves to "ensure an informed citizenry . . . [have] a check against corruption, and [can] hold the governors accountable to the governed." *Robbins Tire*, 437 U.S. at 242. "The elements of a FOIA claim are: (1) improperly (2) withheld (3) agency records." *US Right to Know v. Nat'l Nuclear Sec. Admin.*, No. 23-CV-343-WJ-LF, 2024 WL 865878, at *7 (D.N.M. Feb. 29, 2024) (citing *Kissinger v. Reps. Comm. for Freedom of Press*, 445 U.S. 136, 150 (1980)).

Here, plaintiff doesn't allege that the SSA withheld her records at all—much less improperly.  Instead, she alleges that the SSA didn't revise her medical records accurately.  Doc. 1 at 4.  And so—even when the court takes all of plaintiff's facts as true—they can't support a claim under the FOIA.  The court thus dismisses plaintiff's claims premised on the FOIA.  And the court turns to the next statute plaintiff lists:  the CRA.

### C.     Congressional Review Act (CRA)

Enacted in 1996, "the CRA 'assists Congress in discharging its responsibilities for overseeing federal regulatory agencies[.]'"  *Citizens for Const. Integrity v. United States*, No. 20-CV-03668-RM-STV, 2021 WL 4241336, at *1 (D. Colo. Aug. 30, 2021) (quoting *Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 556 (9th Cir. 2019)).  Congress designed it to provide "an expedited procedure to review and disapprove federal regulations."  *Id.* (citation and internal quotation marks omitted).  That is, it serves "to facilitate Congress's oversight of the executive branch" rather than "to protect third parties with an interest in agency rules."  *Kan. Nat. Res. Coal. v. U.S. Dep't of Interior*, 971 F.3d 1222, 1233 (10th Cir. 2020).  What's more, the CRA includes a provision prohibiting judicial review.  5 U.S.C. § 805 ("No determination, finding, action, or omission under this chapter shall be subject to judicial review."); *see also Kan. Nat. Res. Coal.*, 971 F.3d at 1227 (explaining the legislative history that speaks to the meaning and purpose of § 805's no-judicial-review provision).

Here, plaintiff never alleges any facts suggesting she is challenging agency or Congressional acts under the CRA.  *See generally* Doc. 12.  Nothing in her Complaint directs the court to an agency's failing to comply with CRA requirements.  *See generally* Doc. 1.  Nor does she allege any facts about Congress reviewing or disapproving an agency rule.  *See generally id.* And even if she did, the CRA's § 805 likely would prohibit this court's review anyway.  So,

plaintiff fails to state a claim under the CRA, and the court dismisses plaintiff's CRA claim, as well.  Next, the court evaluates whether plaintiff states a claim under FERS.

### D.      Federal Employees' Retirement Service (FERS) Act of 1986

Congress enacted the FERS Act of 1986 (5 U.S.C. §§ 8401–79) as a new retirement scheme for federal employees.  *Reed v. Reno*, 146 F.3d 392, 395 (6th Cir. 1998).  FERS served to reduce the costs of retirement to the federal budget.  *Id.* at 395–96.  "When Congress passed the FERS statute, it created an exclusive remedial scheme . . . over FERS-related claims." *Hasan v. United States*, 171 Fed. Cl. 167, 171 (2024) ("'The Office [OPM] shall adjudicate all claims under the provisions of this chapter administered by the Office.'" (quoting 5 U.S.C. § 8461(c))).  "Because the FERS Act contains its own judicial remedy, it is 'the exclusive framework' to address FERS claims that 'Congress created under the statute.'"  *Id.* (quoting *United States v. Bormes*, 568 U.S. 6, 12 (2012)).  And so, a person contesting the amount of a FERS benefit must proceed like this:  submit a "request to OPM" and, if necessary, "appeal any decision from OPM" to the Merit Systems Protection Board (MSPB), and then the Federal Circuit.  *Id.* at 171–72 (citing 5 U.S.C. § 8461(e)(1)).

Here, plaintiff alleges she hasn't received due disability retirement benefits under FERS. Doc. 1 at 7.  But Congress's exclusive remedial scheme for claims under FERS doesn't involve this court.  *See Hasan*, 171 Fed. Cl. at 171–72.  The OPM dismissed plaintiff's application for disability retirement on August 16, 2022, as untimely filed.  Doc. 1-1 at 1.  Then, on December 12, 2022, the OPM denied plaintiff's request for reconsideration and advised plaintiff of her right to appeal to the MSPB.  Doc. 1-1 at 27–28.  Plaintiff appealed and the MSPB denied plaintiff's appeal on June 13, 2023.  *Id.* at 66–77.  Then, plaintiff requested a review of MSPB's decision— with an unknown result.  *Id.* at 96.  So, plaintiff's next step is the Federal Circuit, not a federal

district court like ours.  Because Congress's remedial framework is exclusive, this court doesn't

have jurisdiction over plaintiff's FERS claim.  And so, the court dismisses it.  Plaintiff's Tucker

Act claim is up next.

### E.    Tucker Act

The Tucker Act provides the United States Court of Federal Claims "with exclusive

jurisdiction[3] to decide specific types of monetary claims against the United States."  *Hasan*, 171

Fed. Cl. at 169; *see also* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims

shall have jurisdiction to render judgment upon any claim against the United States[.]").  That

jurisdiction encompasses "actions brought pursuant to money-mandating statutes[.]"  *Roth v.*

*United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004).  But "when a law assertedly imposing

monetary liability on the United States contains its own judicial remedies[,]" those remedies

displace the Tucker Act.  *Bormes*, 568 U.S. at 12.

Here, plaintiff asserts a monetary claim against the United States under FERS.  Doc. 1 at

7.  But FERS has its own judicial remedy system—the OPM, the MSPB, and then the Federal

Circuit.  *See Hasan*, 171 Fed. Cl. at 171.  That remedy system displaces the Tucker Act.

*Bormes*, 568 U.S. at 12.  What's more, even if the Tucker Act were in play, this federal district

court wouldn't have a role because the Tucker Act vests exclusive jurisdiction over Tucker Act

claims in the Court of Federal Claims.[4]  *See* 28 U.S.C. § 1491(a)(1).  This court thus lacks

---

[3]    The so-called Little Tucker Act provides concurrent jurisdiction over "[a]ny . . . civil action or
claim against the United States, not exceeding $10,000 in amount[.]"  28 U.S.C. § 1346(a)(2).  But
plaintiff here contends she should receive funds to recover more than $1,000 per month over a span of
nearly eight years.  Doc. 1 at 7.  The amount at issue thus easily exceeds the threshold $10,000.

[4]    Courts have held this "exclusive" grant of jurisdiction not-so-exclusive, but only when Congress
vests jurisdiction in another court.  *See Blades v. Comm'r of Soc. Sec. Admin*., No. CV-23-00545-PHX-
DJH, 2024 WL 3818595, at *5 (D. Ariz. Aug. 13, 2024) ("The Tucker Act's grant of jurisdiction to the
Court of Federal Claims is 'frequently referred to as "exclusive," but 'that courts' jurisdiction is
"exclusive" only to the extent that Congress has not granted any other court authority to hear the claims

jurisdiction over any Tucker Act claims—and FERS's judicial remedies displace the Tucker Act anyway.  So, the court dismisses plaintiff's claims premised on the Tucker Act.  The court moves on to address plaintiff's Social Security Act claim.

**F.      Social Security Act**

Recall that plaintiff's Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  And the Complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Presbyterian Hosp. Admin.*, 772 F. App'x at 685 (ellipses in original) (internal quotation marks and citation omitted).  To the extent that plaintiff intended to assert a claim under the Social Security Act, it fails under this standard.  Plaintiff hasn't identified what claim she asserts under the Social Security Act.  Nor has she specified what provision of the Social Security Act her claim invokes.  Indeed, her Complaint mentions the Social Security Act just once.  Doc. 1 at 3.  And that one mention occurs in a lengthy list of federal statutes allegedly "at issue in this case."  *Id.*  What's more, her objection asserts only that the Social Security Act is "relevant to the adverse injury claim" because it covers "social security, health insurance, [and] programs for special groups 'such as' government employees[.]"  Doc. 12 at 9.  But that assertion doesn't give defendants fair notice of what the "claim is and the grounds upon which it rests."  *Presbyterian Hosp. Admin.*, 772 F. App'x at 685.  Nor has plaintiff pleaded facts suggesting a plausible claim under the Social Security Act.  Thus, the court dismisses as insufficiently pleaded plaintiff's claim under the Social Security Act.  And, finally, the court turns to plaintiff's FCA claim.

---

that may be decided by the Claims Court.'" (quoting *McGuire v. United States*, 550 F.3d 903, 911 (9th Cir. 2008))).

### G.   False Claims Act (FCA)

The FCA imposes civil liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim [to the government] for payment or approval."  31 U.S.C. § 3729(a)(1)(A).  The FCA also contains a *qui tam* provision that allows a private party—a relator—"'to bring an FCA action on behalf of the Government.'"  *U.S. ex rel. Louderback v. Sunovion Pharms., Inc.*, 703 F. Supp. 3d 961, 969 (D. Minn. 2023) (quoting *State Farm Fire & Cas. Co. v. U.S. ex rel. Rigsby*, 580 U.S. 26, 29 (2016)).

Here, plaintiff doesn't purport to bring a claim on behalf of the government.  And she doesn't allege that anyone presented a fraudulent record to the government and received payment based on it.  Instead, she contends that her medical records were fraudulent, resulting in the *absence* of payment by the government.  So, plaintiff also fails to state a claim under the FCA.  The court thus dismisses plaintiff's FCA claims, as well.

After all that, plaintiff is left with one surviving claim.  The court outlines the surviving claim, below.

## VI.   Surviving Claim under 5 U.S.C. § 552a(g)(1)

As ordered by Magistrate Judge Birzer, the court concludes that plaintiff's claim under 5 U.S.C. § 522a(g)(1) survives the IFP statute screening.  Plaintiff objects to this order, apparently not realizing that the claim survives.  Plaintiff contends the court lacks authority to deny her § 522a(g)(1) claim for failure to state a claim.  *See* Doc. 12 at 6 ("[B]ecause Congress retains its general legislative power[,] this court lacks the rule making authority to deny Plaintiff's §552a(g)(1) claims, for failure to state a claim upon which relief can be granted[.]").  But Magistrate Judge Birzer neither denied this claim nor recommended that the court dismiss it.  *See generally* Doc. 9.  And so, this claim survives.

§ 552a(g)(1)(A)—a provision of the Administrative Procedure Act—provides that whenever

> any agency . . . makes a determination . . . not to amend an individual's record in accordance with his request, or fails to make such review . . . the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters[.]

Plaintiff's pleaded facts align with a plausible claim under § 552a(g)(1)(A).  In her Complaint, plaintiff alleges that the SSA failed to maintain accurate medical records about her.  Doc. 1 at 4. And she claims that the SSA passed on this "fraudulent medical information" to the OPM.  *Id.* The court concludes—accepting plaintiff's facts as true—that these alleged facts suffice at the pleading stage to state a claim under § 552a(g)(1)(A).

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Phyllis K. Knight's Response in Opposition to Order and Report and Recommendation (Doc. 12) is overruled.  Magistrate Judge Gwynne Birzer's Order and Report and Recommendation (Doc. 9) is affirmed and adopted in its entirety.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Proceed without Prepayment of Fees (Doc. 3) is denied.  The court permits plaintiff to pay the filing fee in seven monthly installments of $50 and one final installment of $52.

**IT IS FURTHER ORDERED THAT** plaintiff's claims premised on the Freedom of Information Act; the Congressional Review Act; the Federal Employees' Retirement Service Act of 1986; the Tucker Act; the Social Security Act; and the False Claims Act are dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Plaintiff's claim premised on 5 U.S.C. § 552a(g)(1)(A) survives.

**IT IS SO ORDERED.**

Dated this 24th day of October, 2024, at Kansas City, Kansas.

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge