IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PHYLLIS M. KNIGHT,**<br><br>                                  **Plaintiff,**<br><br>v.<br><br>**UNITED STATES OFFICE OF PERSONNEL MANAGEMENT and COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**<br><br>                                  **Defendants.** | Case No. 23-1193-DDC-GEB |

## MEMORANDUM AND ORDER

Before the court is plaintiff's Motion for Leave to Appeal In Forma Pauperis (Doc. 15). Plaintiff appeals this court's denial of leave to proceed in forma pauperis (IFP) at the district court level and asks to proceed IFP on appeal. Doc. 15 at 1. Plaintiff's filing includes a Declaration, signed under penalty of perjury, supporting her IFP on appeal request.[1] *Id.* at 1–4. For the reasons explained below, the court denies plaintiff's application.

---

[1] While Fed. R. App. P. 24(a) prescribes that a "party must attach an affidavit that . . . shows . . . the party's inability to pay[,]" the court accepts plaintiff's Declaration in place of an affidavit here. The court concludes such acceptance is appropriate, *first*, because Tenth Circuit caselaw contemplates the possibility of a party using means other than the proper forms to fulfill the affidavit requirement. *See Lister v. Dep't Of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (suggesting party must "fill out the proper forms or . . . otherwise provide the district court with the requisite information"). *Second*, plaintiff's Declaration contains largely the same inability-to-pay information required by Rule 24(a)'s Form 4. *See* Fed. R. App. P. 24(a)(1)(A) (requiring an appellant "show[] in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay"); *Lister*, 408 F.3d at 1313 n.2 ("Form 4 provides for information regarding the IFP movant's income sources, monies on hand and in various accounts, assets, dependents, debts owed the movant, expenses of the movant, expected changes to income or expenses, assets or liabilities, costs incurred in conjunction with the case, any other relevant financial information, and contact information for the movant, including the movant's age, education, and Social Security number.").

Plaintiff, proceeding pro se,[2] filed a Complaint alleging that defendants United States Office of Personnel Management (OPM) and Commissioner of the Social Security Administration denied plaintiff her early disability benefits through a theft and embezzlement scheme spanning eight years. Doc. 1 at 5–6. To accomplish this scheme, defendants allegedly referenced a fraudulent medical document when denying plaintiff her retirement income. *Id.* at 6. Along with the Complaint, plaintiff also filed a Motion for Leave to Proceed In Forma Pauperis (Doc. 3). On January 4, 2024, United States Magistrate Judge Gwynne E. Birzer recommended that the court deny plaintiff's IFP motion but permit plaintiff to pay the filing fee in eight installments. Doc. 9 at 3. Plaintiff timely objected. Doc. 12. The court reviewed—de novo—plaintiff's IFP motion and overruled plaintiff's objection. Doc. 13. The court then adopted Magistrate Judge Birzer's recommendation and denied plaintiff IFP motion. *Id.* at 13. Plaintiff appealed that decision, Doc. 19, and seeks leave to proceed IFP on that appeal, Doc. 15.

I. **Legal Standard**

Title 28 U.S.C. § 1915(a)(1) authorizes the court to permit a plaintiff to appeal without prepayment of fees—*i.e.*, to proceed IFP—if the plaintiff satisfies certain conditions. Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that "a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court." To appeal IFP, plaintiff must "demonstrate [1] a financial inability to pay the required filing fees and [2] the existence of a reasoned, nonfrivolous argument on the law and facts in support of the

---

[2] Plaintiff proceeds pro se, so the court construes her pleadings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (holding that courts must construe pro se litigant's pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers). But the court does not assume the role of plaintiff's advocate. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). And our Circuit "has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Id.* (citation and internal quotation marks omitted).

issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quotation cleaned up). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). When deciding if an appeal is taken in good faith "merit or lack of merit is not the test." *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). Instead, the court "should only reach the question of whether the appellant has presented a reasoned and nonfrivolous argument." *United States v. Chavez*, No. 20-cr-2040 RB, 2025 WL 988055, at *1 (D.N.M. Apr. 2, 2025) (citing *Ragan*, 305 F.2d at 59–60).

An "application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x 667, 669 (10th Cir. 2008). When one's "monthly income exceeds [her] monthly expenses by a few hundred dollars[,]" then she has "sufficient income to pay the filing fees[.]" *Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002). To evaluate the application, a district court "should examine the papers and determine if the requirements of 28 U.S.C. § 1915(a) are satisfied. If they are, leave should be granted." *Menefee v. Werholtz*, 368 F. App'x 879, 884 (10th Cir. 2010) (quotation cleaned up). If the court later discovers that "'the allegations of poverty are untrue, it can dismiss the proceeding[.]'" *Smith v. Torrez*, 428 F. Supp. 3d 629, 633 (D.N.M. 2019) (quoting *Oughton v. United States*, 310 F.2d 803, 804 (10th Cir. 1962)).

## II.    Discussion

The court applies the two IFP-on-appeal requirements to plaintiff's motion. *First*, the court assesses plaintiff's financial inability to pay the required filing fee. *Then*, the court evaluates the existence of a reasoned, nonfrivolous argument. The court concludes plaintiff meets the first requirement, but not the second. And so, it denies her motion.

### A. Plaintiff's Financial Inability to Pay

Plaintiff represents her financial situation differently in the documents attached to her current IFP motion than she did in her first IFP motion.  Plaintiff's attested income and most of her reported expenses remain constant between the initial financial affidavit and the later Declaration.  *Compare* Doc. 3-1 at 4–5, *with* Doc. 15.  But two reported expenses appear for the first time in the subsequent Declaration.  *First*, plaintiff has added $600 per month in "Other Necessities" to her Declaration.  Doc. 15 at 3.  The initial financial affidavit, by contrast, doesn't list an "Other Necessities" category.  Doc. 3-1 at 5.  *Second*, plaintiff has added two "debts" to her Declaration.  Doc. 15 at 3.  She didn't include any debts on her financial affidavit.  Doc. 3-1 at 5.  These additions—with a static income—shift the inability-to-pay metric.  That is, with $600 in other necessities and two debts included, plaintiff's monthly expenditures exceed her monthly income.  And so, taking the income and expenses reported in plaintiff's Declaration as true, her present financial situation warrants an inability-to-pay finding.  *See Scherer*, 263 F. App'x at 669 (metric used for in forma pauperis analysis is plaintiff's present financial situation); *Brewer*, 24 F. App'x at 979 (concluding income exceeding monthly expenses by a few hundred dollars indicates sufficient income to pay filing fees).  And so, the court concludes plaintiff's application for IFP status on appeal satisfies the first requirement.  The second requirement is another story, however.

### B. A Reasoned, Nonfrivolous Argument

Fed. R. App. P. 24(a)(1)(C) requires a party seeking to proceed IFP on appeal to "state[] the issues that the party intends to present on appeal."  The portion of plaintiff's Declaration that addresses the issues on appeal includes the following statement:  "Moved for leave to proceed in forma pauperis in the United States District Court of Kansas.  Under 28 U.S.C. Section 1915(a)."

Doc. 15 at 1.  The court can discern from that statement that plaintiff intends to appeal denial of her district court IFP motion.  But the court gleans little insight about the argument plaintiff intends to present.  Construing her pro se filing liberally, the court can envision two potential arguments on appeal.  Neither is reasoned and nonfrivolous.

*To start*, perhaps plaintiff intends to present on appeal the same argument she made in her Objection to the magistrate judge's recommendation of denial.  In her Objection, plaintiff argued that she should qualify for a fee waiver because her annual gross household income is below 125% of the Federal Poverty Guidelines.  Doc. 12 at 4.  And she cited 8 C.F.R. § 106.3 in support.  *Id.*  But, as the court explained in its earlier Order, § 106.3 provides fee waivers and exemptions for people requesting immigration benefits—not for people hoping to waive filing fees in federal court.  *See* Doc. 13 at 4.  Put simply, the Federal Poverty Guidelines don't supply the metric used to assess financial inability to pay filing fees; instead, the court compares monthly expenses to monthly income.  *See Brewer*, 24 F. App'x at 979 (evaluating monthly income and expenses and concluding excess income of "a few hundred dollars" suffices to pay the filing fees).  Any argument, therefore, premised on § 106.3 "is based on an indisputably meritless legal theory" and thus is frivolous.  *Schlicher v. Thomas*, 111 F.3d 777, 779 (10th Cir. 1997) (quotation cleaned up).  What's more, plaintiff already made a § 106.3-based argument, and the court already cited clear authority to the contrary.  "In light of the clear authority . . . cited by the district court . . . reiteration of the same arguments on appeal . . . is also frivolous."  *Menefee*, 368 F. App'x at 883.  So, the first of plaintiff's potential arguments on appeal doesn't clear the IFP hurdle.

*Alternatively*, perhaps plaintiff intends to suggest that—because her Declaration demonstrates an inability to pay now—the court got its IFP decision wrong in retrospect.  Our

Circuit confronted a similar situation in *Lay v. Oklahoma Department of Corrections*. 746 F. App'x 777 (10th Cir. 2018). There, plaintiff Wade Lay filed a motion to proceed IFP in the district court. *Id.* at 779. The magistrate judge recommended the court deny Lay's IFP motion because the funds in his inmate savings account exceeded the court's filing fee by $150.67. *Id.* Lay objected, conceding he could pay the fee but worrying corrections officials would interfere with that payment. *Id.* The district court adopted the magistrate's recommendation and denied Lay's IFP motion. *Id.* Lay appealed. *Id.* And he moved to proceed IFP on that appeal. *Id.* at 780.

Ruling his IFP on appeal motion, the Circuit found Lay's inmate savings account funds had declined since his initial IFP motion. *Id.* So, at the time of the appeal, he qualified as financially unable to prepay the appellate filing fee. *Id.* Nonetheless, the Circuit concluded Lay's appeal was frivolous. *Id.* The record showed Lay had possessed sufficient funds when the district court denied IFP, and that Lay had acknowledged as much. *Id.* And so, the Circuit denied Lay's appellate IFP motion and ordered immediate payment. *Id.*

*Lay* is instructive here.[3] Plaintiff's financial affidavit submitted with her initial IFP motion indicated that plaintiff had sufficient funds—as defined by our Circuit—to pay the filing fee. That is, plaintiff's monthly income exceeded her listed monthly expenses by around $400. *See* Doc. 3-1 at 4–5. Under *Brewer*, when an individual's monthly income exceeds her monthly expenses—even "by a few hundred dollars"—her income suffices to pay filing fees. 24 F. App'x at 979. It is of no moment that plaintiff's currently listed expenses—with the addition of $600 in "other necessities" and two debts on her Declaration—exceed her income. The court

---

[3] The court realizes that *Lay*'s facts differ slightly from the present situation. Lay conceded he had the requisite funds to pay the district court filing fee. *Lay*, 746 F. App'x at 779. Plaintiff here makes no such concession. But plaintiff's initial financial affidavit shows sufficient funds to pay the fee. *See* Doc. 3-1. So, even without a concession, *Lay*'s reasoning applies here.

must evaluate an IFP application "in light of the applicant's present financial status." *Scherer*, 263 F. App'x at 669. At the time of plaintiff's initial IFP motion, her present financial status showed an ability to pay the filing fee.

Plaintiff—like Lay—has demonstrated an altered financial situation that allows her to qualify as unable to pay *currently*. But, as in *Lay*, that altered situation doesn't supply a nonfrivolous argument for appeal. 746 F. App'x at 780. That's so because plaintiff's current financial situation doesn't change her previous financial status and the financial affidavit on which the district court initially denied her IFP motion.

Plaintiff indicates no other reasoned or nonfrivolous argument to challenge the district court's initial IFP denial. *See generally* Doc. 15. And—even construing plaintiff's IFP-on-appeal filing liberally—the court can't perceive any other argument. So, the court concludes, plaintiff fails the second requirement for a successful appellate IFP request and denies her motion as not taken in good faith.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Phyllis M. Knight's Motion for Leave to Appeal In Forma Pauperis (Doc. 15) is denied. The court certifies that the appeal is not taken in good faith. The court directs the Clerk of the Court to notify the Court of Appeals of this denial and certification.

**IT IS SO ORDERED.**

**Dated this 19th day of May, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
