**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**PHYLLIS M. KNIGHT,**

**Plaintiff,**

**v.**

**UNITED STATES OFFICE OF PERSONNEL MANAGEMENT and COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**

**Defendants.**

**Case No. 23-1193-DDC-GEB**

**MEMORANDUM AND ORDER**

Before the court is United States Magistrate Judge Gwynne E. Birzer's Report and Recommendation. Doc. 26. Magistrate Judge Birzer recommends dismissal of plaintiff Phyllis M. Knight's case for failure to prosecute. *Id.* at 3. To date, Knight hasn't made any installment payments toward the filing fee in her case, more than a year after the Tenth Circuit entered its order dismissing her appeal. *Id.* at 2. The court will accept, adopt, and affirm the Report and Recommendation and dismiss Knight's case for failure to prosecute and failure to follow a court order under Federal Rule of Civil Procedure 41(b).

## I. Background

In September 2023, proceeding pro se,[1] Knight filed a Complaint alleging the United States Office of Personnel Management (OPM) and the Commissioner of the Social Security

[1] The court construes Knight's pleadings liberally since she is a pro se litigant. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court doesn't assume the role of plaintiff's advocate and holds Knight to the "same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation cleaned up).

Administration (SSA) had violated several federal statutes. Doc. 1. Knight alleges a "nearly 8-year theft and embezzlement scheme carried out by the defendants" that denied her early disability-retirement benefits. *Id.* at 6. Knight also moved to proceed without prepayment of fees, which the court construed as a motion for leave to proceed in forma pauperis (IFP). Doc. 3. In October 2024, the court adopted Magistrate Judge Birzer's Report and Recommendation (Doc. 9) that the court deny Knight's motion for IFP status, agreeing with Magistrate Judge Birzer that Knight could afford to pay the filing fee. Doc. 13. The court permitted her to pay the filing fee "in seven monthly installments[.]" *Id.* at 13. The court also dismissed most of Knight's claims for failure to state a claim upon which the court could grant relief under 28 U.S.C. § 1915. *Id.* at 13. One claim survived—the court held that Knight's Complaint stated a plausible claim under 5 U.S.C. § 522a(g)(1). *Id.* at 12–13.

Knight appealed the Order denying her motion to proceed IFP. Doc. 14. In August 2025, the Tenth Circuit affirmed denial of Knight's IFP motion. Doc. 25 at 2. After that, Knight still didn't pay the first installment of the filing fee. So, in March 2026, Magistrate Judge Birzer recommended dismissal of her remaining claim for failure to prosecute under Federal Rule of Civil Procedure 41(b). Doc. 26 at 3. Knight filed a timely objection to the Report and Recommendation. Doc. 27.

Knight argues that the courts at each turn have erred in their rulings denying her leave to proceed without paying a filing fee. *Id.* at 2. Specifically, she argues that her income, derived "only" from social security disability benefits, is exempt from execution, levy, attachment, or other legal processes, citing Social Security Ruling 79-4, 1979 WL 15542 (Jan. 1, 1979) and *City of Richland v. Wakefield*, 380 P.3d 459 (Wash. 2016) (en banc). *Id.* According to Knight, it

follows that she doesn't need to pay the filing fees because S.S.R. 79-4 shields her from the court's authority to order her to pay filing fees. *Id.* at 2–3.

## II. Legal Standard

To object to a magistrate judge's report and recommendation, a party must "serve and file specific written objections to the proposed findings and recommendations" within 14 days after being served. Fed. R. Civ. P. 72(b)(2). The district court must conduct a de novo review of any part of the Report and Recommendation to which a proper objection was made. Fed. R. Civ. P. 72(b)(3). "In conducting a de novo review, the Court must consider relevant evidence of record and not merely review the magistrate judge recommendation." *Kelly-Leppert v. Monsanto/Bayer Corp.*, 2020 WL 2507634, at *2 (D. Kan. May 15, 2020) (citing *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 584 (10th Cir. 1995)). The district court then "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Under Rule 41(b), the court may dismiss claims for failure to prosecute or failure to comply with a court order. For a Rule 41(b) dismissal without prejudice, "a district court is not obligated to follow any particular procedures[.]" *Young v. United States*, 316 F. App'x 764, 772 (10th Cir. 2009) (citing *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009)). Failing to pay required filing fees is frequently grounds for dismissal without prejudice under Rule 41(b). *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003); *Lynn v. Price*, 2019 WL 4670210, at *2 (D. Kan. Sept. 25, 2019); *Holt v. Norwood*, 2020 WL 9171198, at *1 (D. Kan. Jan. 27, 2020); *Akers v. Flannigan*, 2020 WL 6742788, at *2 (D. Kan. Nov. 17, 2020).

Now, the court reviews the record de novo and determines whether to dismiss Knight's claims for failure to prosecute.

## III. Analysis

Knight doesn't directly address the issues raised in Magistrate Judge Birzer's Report and Recommendation, instead choosing to attack the court's decision to require her to pay the filing fee. Doc. 27 at 1–2. Construing Knight's objection as an argument that the court shouldn't dismiss her case—because it legally can't require her to pay the filing fee—this objection falls short. The requirement that Knight pay the filing fee doesn't constitute an "execution, levy, attachment, garnishment, or other legal process" of her social security benefits. S.S.R. 79-4, 1979 WL 15542. The court isn't seizing or attaching her property in any way—Knight remains free to keep her property and not pay the filing fee if she doesn't wish to proceed with her lawsuit. The court never ordered that Knight *must* pay these fees to satisfy a legal financial obligation, as the case was in *City of Richland v. Wakefield*. 380 P.3d at 461 (lower court ordered individual to pay debts using social security benefits).

Instead, the court ordered Knight to pay the filing fee in seven monthly installments before it would consider her case's merits. Doc. 13 at 13. The court is required by law to collect such filing fees unless the plaintiff qualifies for IFP status, and Knight does not. 28 U.S.C. § 1914. Imposing filing fees in civil cases is constitutional. *See United States v. Kras*, 409 U.S. 434, 446–47 (1973); *Ortwein v. Schwab*, 410 U.S. 656, 656 (1973). Knight retains her right to disagree with the court's ruling, but that disagreement does not excuse her from complying with the court's orders. Nor does it excuse her from paying the filing fee required by law.

## IV. Conclusion

By failing to pay her filing fees, Knight has failed to prosecute her case and comply with the court's orders. She has known since at least August 2025 that she must pay the filing fee before she can proceed with her case. Because nothing indicates that Knight intends to pay the

filing fee, dismissal of her remaining claim is appropriate. The court will dismiss Knight's claim without prejudice under Rule 41(b) and direct the Clerk of the Court to close the case.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Phyllis M. Knight's Response in Opposition to Report and Recommendation (Doc. 27) is overruled. Magistrate Judge Gwynne E. Birzer's Report and Recommendation (Doc. 26) is affirmed and adopted in its entirety.

**IT IS FURTHER ORDERED THAT** plaintiff's claims are **DISMISSED** without prejudice under Fed. R. Civ. P. 41(b). The court directs the Clerk of the Court to close the case.

**IT IS SO ORDERED.**

**Dated this 30th day of September, 2026, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**